**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**


**UNITED STATES OF AMERICA,**

     **Plaintiff,**

**v.**                      **Case No.**     **09-CR-1861 JEC**

**MARK CASTILLO,**

     **Defendant.**


<u>**MEMORANDUM OPINION AND ORDER**</u>

THIS MATTER comes before the Court on Defendant Mark Castillo's *Motion to Sever Counts* (Doc. 90), filed August 12, 2010 ("Motion").  Having reviewed the Motion; the Government's *Response to Motion to Sever Counts* (Doc. 106), filed September 2, 2010; the Defendant's *Reply on Prosecution's Response to Motion to Sever Counts* (Doc. 112), filed September 10, 2010; and being otherwise fully informed in the premises, the Court will DENY the Motion.

**I.**       **BACKGROUND**

On March 19, 2008, Defendant was involved in an altercation with Fabian Cayaditto on the Navajo Reservation.  He  is charged with Assault with a Dangerous Weapon, Assault Resulting in Serious Bodily Injury, Using a Firearm During and in Relation to a Crime of Violence, and Felon in Possession of a Firearm and Ammunition.  *Redacted Superseding Indictment* (Doc. 63), filed July 14, 2010.

Defendant contends that Counts I, II, and III should be tried separately from Count IV, charging Felon in Possession.  *See generally Motion*.  He claims that trial of all four counts

together would require him to assert inconsistent defenses and/or waive his Fifth Amendment right to decline to testify.  *Id.* at 4.  Joinder of these counts is also prejudicial, according to Defendant, in that the jury will necessarily become aware of his prior felony as well as his prior gang activity.  *Id.*

The Government maintains joinder of Count IV with Counts I-III is proper in that all four charges arise out of the same incident.  Since none of Defendant's arguments as to prejudice have merit, the Government respectfully requests that the Court deny Defendant's Motion.

## II.    LEGAL STANDARD

Two or more offenses may be joined into a single case where the offenses charged "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan."  Fed.R.Crim.P. 8(a).  Severance is appropriate where joinder "appears to prejudice a defendant."  Fed.R.Crim.P. 14(a).

## III.    DISCUSSION

At the outset, the Court notes it has previously considered Defendant's argument for severance and denied same.  *Order Granting Final Continuance of Trial* (Doc. 83), filed August 2, 2010.  The instant Motion does not appear to advance any new or different arguments in support of severance.  Count IV, charging felon in possession, is very clearly based on the same act or transaction as Counts I-III.  Joinder is therefore appropriate under Rule 8(a).  Defendant, moreover, has failed to demonstrate prejudice as a result of the joinder.

Although he claims he would be required to assert inconsistent defenses, the Court cannot see how that is the case.  To the extent he is suggesting he would admit to having a gun in defense to Counts I-III but deny having a gun in defense to Count IV, this is tantamount to admitting perjury, which the Court will not condone.  Similarly, the Court sees no reason why

Defendant would have to forego his right to plead the Fifth Amendment if Counts I-IV are tried together. There are multiple witnesses to the altercation at issue. Indeed, Defendant does not point to any material facts that can only be established by his testimony. *See United States v. Martin*, 18 F.3d 1515, 1519 (10th Cir.1994) ("[N]o need for a severance exists until the defendant makes a convincing showing that he has both important testimony to give concerning one count and a strong need to refrain from testifying on the other."). Finally, the Tenth Circuit "has consistently upheld joinder when a defendant is charged with being a felon in possession of a firearm in addition to substantive crimes." *United States v. Riblet*, 91 Fed.Appx. 128, 129 (10th Cir. 2004) (citing *United States v. Jones*, 213 F.3d 1253, 1260-61 (10th Cir. 2000) (felon in possession and robbery); *United States v. Cox*, 934 F.2d 1114, 1119-20 (10th Cir.1991) (felon in possession and drugs)). As in *Jones*, the Court anticipates that Defendant may stipulate to his prior felony conviction and thereby "shield[] the jury from the prejudicial details of his prior activities." 213 F.3d at 1261. Contrary to the suggestion in Defendant's briefing, it is not necessary to delve into the facts of Defendant's prior felony in order to properly defend against the assault charges in this case.

## IV.    CONCLUSION

WHEREFORE, IT IS ORDERED that Defendant's *Motion to Sever Counts* (Doc. 90), filed August 12, 2010, is DENIED.

Dated September 20, 2010.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff:

Roberto D. Ortega, AUSA
Albuquerque, NM

Counsel for Defendant:

John F. Samore, Esq.
Albuquerque, NM