IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                            Case No. 09-CR-1861 JEC

MARK CASTILLO,

    Defendant.

### MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on *Defendant Castillo's Motion to Produce Gang Records* (Doc. 87), filed August 12, 2010 ("Motion"). Having reviewed the Motion as well as the Government's *Response in Opposition* (Doc. 100), filed August 26, 2010, and being otherwise fully informed in the premises, the Court will DENY the Motion.

### I. BACKGROUND

This case arises from a dispute between Defendant Mark Castillo and Fabian Cayaditto which occurred on the Navajo Reservation on March 19, 2008. Defendant admits he shot Mr. Cayaditto but claims self-defense and/or defense of others (specifically, Defendant's nephew Ryan Begay).

In the present Motion, Defendant seeks the Court's order requiring the Government to disclose "all gang-related records obtained by law enforcement, at least for the years 1995-2000" regarding either Defendant or Mr. Cayaditto. *Motion* at 2. The requested information "can be found (if it exists) in the records of the 'gang units' from the New Mexico State Police, Navajo Police, Sandoval and San Juan County Sheriff's Office, Bernalillo County Sheriff's Office, and Albuquerque Police Department." *Id.* at 3. Such documents should be produced, according to

Defendant, pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972); *United States v. Agurs*, 427 U.S. 97 (1976); *United States v. Bagley*, 437 U.S. 667 (1984); and *Kyles v. Whitley*, 514 U.S. 419 (1995). *Id.* at 3. In his Reply Brief, however, Defendant states that "the controlling disclosure case is not *Brady*, but *Kyles v. Whitley*." *Reply* at 1.

The Government opposes Defendant's Motion on the grounds that the authorities cited do not require production of documents given that the documents requested are not in the possession, custody or control of the FBI or the United States Attorney and that the Government does not plan to offer such evidence at trial. *Resp.* at 3. Moreover, although it maintains it has no duty to do so, the Government represents it has requested "gang records" regarding Defendant and Mr. Cayaditto from local law enforcement, but "no such information has been found." *Id.*

## II.     LEGAL STANDARD

*Kyles v. Whitley* holds that "the individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police." 514 U.S. at 437. But the duty to disclose such evidence arises only where such evidence is "material." *Id.* at 437-438. Materiality exists "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Bagley*, 437 U.S. at 682.

## III.    DISCUSSION

Defendant contends evidence of gang activity is material in terms of its relevance to his prior felony conviction and as possible impeachment evidence considering that Mr. Cayaditto has denied any gang involvement or any ongoing dispute with Defendant. *Motion* at 2. There is

no argument directly linking the alleged evidence of gang activity—evidence that the Government represents it has not been able to obtain—to Defendant's guilt or innocence in this matter.

Prior bad acts are generally inadmissible except as relevant to purposes "such as motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed.R.Evid. 404(b). Thus, even assuming evidence of gang activity exists and can be obtained by the Government, Defendant has not articulated a permissible purpose for admitting this evidence.

Finally, given its attenuated relevance, the Court questions whether the probative value of any evidence of gang activity outweighs danger of unfair prejudice. *C.f. United States v. Sloan*, 65 F.3d 861, 864 (10th Cir. 1995) (affirming admission of evidence of the defendant's gang activity as more probative than prejudicial where it "was offered to prove the existence of a conspiracy, and to show the basis of the relationship between the defendant and witnesses who participated in the drug distribution operation").

## IV.   CONCLUSION

Recognizing that the Government is unaware of any evidence concerning gang activity in this case, that it has sought the requested evidence concerning gang activity and found none, and further that Defendant has failed to articulate any argument that such evidence, even if located, would be admissible, *Defendant Castillo's Motion to Produce Gang Records* (Doc. 87), filed August 12, 2010, is DENIED.

DATED September 20, 2010.

_____
SENIOR UNITED STATES DISTRICT JUDGE

3

Counsel for Plaintiff:

Roberto D. Ortega, AUSA
Albuquerque, NM

Counsel for Defendant:

John F. Samore, Esq.
Albuquerque, NM