IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                  Case No. 09-CR-1861 JC

MARK CASTILLO,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on the *United States' Motion in Limine* (Doc. 51), filed February 12, 2010 ("Government's Motion"), and Defendant Mark Castillo's *Motion in Limine Regarding Introduction of Evidence* (Doc. 76), filed July 25, 2010, as amended on August 12, 2010 (Doc. 88) (collectively, "Defendant's Motion"). Having reviewed the Government's Motion, Defendant Mark Castillo's *Response to Prosecution's Motion in Limine (on Character Evidence)* (Doc. 73), filed July 23, 2010 ("Defendant's Response"), and the Defendant's Motion, and being otherwise informed in the premises, the Court will GRANT the Government's Motion as well as Defendant's Motion for the reasons set forth below.

**I.   BACKGROUND**

The instant case arises out of a March 19, 2008 altercation between Defendant and Fabian Cayaditto in which Defendant ultimately shot Mr. Cayaditto. Defendant Castillo is charged with: assault with a dangerous weapon, 18 U.S.C. §§ 1153 and 113(a)(3); assault resulting in serious bodily injury, 18 U.S.C. §§ 1153 and 113(a)(6); use of a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c)(1)(a)(iii); and felon in possession of a firearm, 18 U.S.C. §§ 922(g)(1) and 924(a)(2). *Redacted Superseding Indictment* (Doc. 63),

filed July 14, 2010.

The Government represents that this case is "about *why* the [D]efendant shot Cayaditto, not *if* he did so," *Govt.'s Motion* at 1, and predicts that Defendant Castillo will attempt at trial to argue self defense, painting Cayaditto as the aggressor, *id.* at 2-3. Defendant claims he "does not intend to do anything of the sort," *Def.'s Resp.* at 1, yet he seeks to offer the testimony of multiple witnesses regarding Cayaditto's alleged violent conduct, *see generally Def.'s Motion*. In fact, Defendant Castillo states in his own Motion in Limine that he "will likely claim to the Court self defense of himself and his family members." *Def.'s Motion* (Doc. 76) at ¶ 2.

Specifically, the Government seeks to exclude evidence as to Mr. Cayaditto's prior convictions for malicious mischief, characterized as vandalism and destruction of government property, in 1998 and for resisting/evading/obstructing a peace officer in 2001. *Govt.'s Motion* at 3. The Government also seeks to exclude evidence as to Cayaditto's tribal arrests. In addition, the Government's Motion references unidentified witnesses it fears Defendant may call "to testify about other specific instances in which Cayaditto allegedly threatened or assaulted them on occasions prior and unrelated" to the matters for trial. *Id.*

Defendant's Motion identifies the proposed witnesses and their anticipated testimony. According to Defendant's Motion: (A) Defendant's wife, Marlinda Trujillo, and his daughter, Marlena Trujillo, will testify concerning Cayaditto's threatening conduct toward Defendant at a cookout a few months prior to March 19, 2008, *Def.'s Motion* (Doc. 76) at §§ 5 and 6; and (B) Defendant's nephews, Raymond Begay and Ryan Begay will testify that on an occasion shortly before March 19, 2008, Cayaditto grabbed Ryan by his shirt collar and pulled him up into the air, while Cayaditto's friend pulled a knife, and said something like, "I'm going to shank you" or "I could kill you right now," *Def.'s Motion* (Docs. 76 and 88) at ¶¶ 7 and 11.

## II.    LEGAL STANDARD

"Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Fed.R.Evid. 404(b). Such evidence might be admissible for other purposes, "such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *Id.*

The rule is more relaxed where a defendant does not seek to introduce evidence of a specific incident. For instance, the Federal Rules of Evidence specifically allow Defendant to offer "evidence of a pertinent trait of character of the alleged victim of the crime." Fed.R.Evid. 404(a)(2). An acceptable method of proof under these circumstances includes testimony as to Cayaditto's reputation and opinion testimony. Fed.R.Evid. 405(a).

## III.   DISCUSSION

### A.   Defendant's Witnesses May Testify As to Their Opinions Regarding Pertinent Character Traits of Mr. Cayaditto or As to Mr. Cayaditto's Reputation.

"Evidence of a pertinent trait of character of the alleged victim offered by an accused" is generally admissible in a criminal case. Fed.R.Evid. 404(a)(2). However, such evidence is limited to "testimony as to reputation or by testimony in the form of an opinion." Fed.R.Evid. 405(a). Thus, nothing prohibits Defendant's wife, daughter, and nephews from testifying as to their opinions concerning Mr. Cayaditto or, assuming the proper foundation, as to Mr. Cayaditto's reputation. It is only testimony regarding Mr. Cayaditto's alleged prior actions (e.g., his conduct at the Castillo/Trujillo family cookout, or his conduct toward Ryan Begay) that presents a problem of admissibility under the Federal Rules.

### B.   Cayaditto's Prior Convictions and Arrests Will Not Be Admitted.

3

Defendant does not argue for the admission of Cayaditto's prior convictions or arrests. Because these are examples of specific instances of conduct, the Court finds that they are not admissible absent the Defendant's showing that the purpose for introducing evidence of the convictions or arrests is something other than proving Cayaditto's conformity therewith on March 19, 2008.

### C. Past Instances of Cayaditto's Alleged Conduct Toward Defendant Is Potentially Admissible At Trial.

Cayaditto's alleged conduct at the Castillo/Trujillo family cookout and his alleged conduct toward the Begay brothers is not admissible, according to the general rule. Fed.R.Evid. 404(b). Defendant argues that such instances should be admitted to prove an element of self-defense, i.e., Mr. Castillo's state of mind, or his "genuine fear for his life and the lives of his family." *Def.'s Resp.* at 2. Defendant limits the testimony to prior occasions when Cayaditto specifically threatened either Defendant himself or his nephew, Ryan Begay, who was a passenger in Defendant Castillo's car on March 19, 2008. *Id.* at 3.

Fed.R.Evid. 404(b) is designed to insure that if a defendant is to be convicted, the conviction is based on his actions in the case before the court as opposed to his bad character. *United States v. Comanche*, 577 F.3d 1261, 1267 (10th Cir. 2009). As a result, "evidence is admissible under Rule 404(b) only if it is relevant for a permissible purpose and that relevance does not depend on a defendant likely acting in conformity with an alleged character trait." *Id.* (citations omitted).

The Tenth Circuit "has not addressed whether Rule 404(b) encompasses use of evidence of the victim's past conduct to demonstrate the defendant's reasonable fear." *United States v.*

*Talamante*, 981 F.2d 1153, 1157 (10th Cir. 1992).[1]  Although state of mind is not one of the enumerated other purposes for admitting specific conduct under Rule 404(b), other circuits have found that Rule 404(b)'s enumerated list is not exhaustive, and that the purpose of showing the defendant's state of mind in support of self-defense is close to some of the uses listed in Rule 404(b).  *Talamante*, 981 F.2d at 1157 (citations omitted).  As a result, other Circuit Courts of Appeal have admitted evidence of the victim's prior acts as relevant to the defendant's state of mind, or reasonable fear of bodily injury.  *Id.* (citing *United States v. Waloke*, 962 F.2d 824 (8th Cir. 1992); *Gov't of Virgin Islands v. Carino*, 631 F.2d 226 (3rd Cir. 1980); *United States v. Burks*, 470 F.2d 432 (D.C. Cir. 1972)).

This Court accepts the reasoning of other Circuits and finds that Rule 404(b) generally permits admission of the victim's prior conduct in cases where the defendant claims self-defense for the limited purpose of showing the defendant's state of mind (i.e., reasonable fear of bodily injury).

Before such evidence may be admitted, however, certain requirements must be met.  First, the defendant "must articulate precisely the evidentiary hypothesis by which a fact of consequence may be inferred from the evidence of other acts."  *United States v. Kendall*, 766 F.2d 1426, 1436 (10th Cir. 1985).  Likewise, the "trial court must specifically identify the purpose for which such evidence is offered and a broad statement merely invoking or restating Rule 404(b) will not suffice."  *Id.*  Second, the proposed 404(b) evidence must: (1) tend to

---

[1] The Tenth Circuit has ruled it was error to admit evidence of a victim's other crimes, wrongs, or acts in order to show the victim was the aggressor in an affray.  *Perrin v. Anderson*, 784 F.2d 1040, 1045 (10th Cir. 1986) (citing Fed.R.Evid. 404(a), advisory committee notes).  But Defendant's proposed purpose for admitting such evidence in the present case—that of proving his state of mind or reasonable fear of bodily injury at the hands of the victim—is different.

establish state of mind; (2) be so related to the charged offense that it serves to establish state of mind; (3) have real probative value, not just possible worth; and (4) have occurred close in time to the charged crime.  *Id.*  Additionally, of course, the proposed 404(b) evidence must also satisfy Fed.R.Evid. 403.

Here, Defendant claims the evidence of Cayaditto's prior acts is relevant to show his state of mind, or prove that it was "reasonable for [Defendant] to think that the force he used [against Mr. Cayaditto] was necessary to defend himself or another person against an immediate threat."  10th Cir. Pattern Criminal Jury Instructions § 1.28.  Under Rule 404(b), this is a sufficient basis upon which to admit the testimony regarding Cayaditto's prior acts as set forth in Defendant's Response and Defendant's Motion in Limine.  The Court finds that this evidence tends to establish the reasonableness of Defendant's belief that force was necessary to defend himself.  *Kendall*, 766 F.2d at 1436.  The evidence of Cayaditto's threats to Defendant and Defendant's nephew is sufficiently to the charges here, and has real probative value.  *Id.*  Assuming that the instances when Cayaditto threatened Defendant and Defendant's nephew were close in time to the charged crime as represented in Defendant's briefs, the testimony regarding these events is admissible.  *Id.*  Finally, the Court finds that the probative value of Cayaditto's prior conduct outweighs any danger of unfair prejudice.  Fed.R.Evid. 403.

**IV.   CONCLUSION**

Based on the foregoing, the prior convictions and arrests of the alleged victim in this case, Fabian Cayaditto, will not be admitted at trial.  Defendant's wife, daughter, and nephews may testify regarding their opinions of Mr. Cayaditto as well as Mr. Cayaditto's reputation in the community of Torreon, assuming that the proper foundation is laid, as permitted by Fed.R.Evid. 404(a)(2).  The testimony of Defendant's wife, daughter, and nephews regarding Mr. Cayaditto's

alleged prior bad acts as set forth by Defendant is also admissible upon the proper foundation. However, the parties are specifically prohibited from referencing Cayaditto's alleged prior acts before the jury until the proper foundation is laid, including but not limited to the temporal proximity of Cayaditto's prior acts to March 19, 2008.

     WHEREFORE, the *United States' Motion in Limine* (Doc. 51), filed February 12, 2010 is GRANTED, and Defendant Mark Castillo's *Motion in Limine Regarding Introduction of Evidence* (Doc. 76), filed July 25, 2010, is GRANTED.

     Dated September 20, 2010.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff:

Roberto D. Ortega, AUSA
Albuquerque, NM

Counsel for Defendant:

John F. Samore, Esq.
Albuquerque, NM